**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| CARMIN CHARLES,<br><br>            Plaintiff,<br><br>v.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

      PLEASE TAKE NOTICE THAT Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Stop & Shop Supermarket Company, LLC, ("Defendant" or "Stop & Shop") removes the above-entitled action to this Court based on the following grounds:

      1.      On or about February 19, 2010, Plaintiff Carmin Charles ("Mr. Charles" or the "Plaintiff") commenced a civil action against the Defendant in Plymouth Superior Court, entitled *Carmin Charles v. The Stop & Shop Supermarket Company, L.L.C.*, Civil Action No. PLCV2010-00234-B (the "State Court Action"), alleging, among other claims, that Defendant discriminated and retaliated against Mr. Charles on the basis of his race and national origin when it subjected him to numerous alleged adverse actions, including the termination of his employment without just cause.  Mr. Charles also alleges Defendant wrongfully terminated his employment in breach of the implied covenant of good faith and fair dealing.

      2.      Defendant received service of process of the State Court Action on or about March 31, 2010.  This Notice of Removal is filed within thirty days of receipt of service, and is,

therefore, timely pursuant to 28 U.S.C. 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

3. Removal of this case is proper pursuant to 28 U.S.C. § 1331 because it presents a federal question under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq., as amended*.

4. Removal of this case is also proper because it presents a federal question under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. Mr. Charles' employment was governed by a collective bargaining agreement ("CBA") between his union, United Food and Commercial Workers International, Local 328 and Defendant.  Plaintiff's discrimination and retaliation claims under M.G.L. c. 151B and Title VII place several provisions of the CBA directly at issue, including Article 4A (Non-Discrimination); Article 16 (Management Rights); Article 25 (Grievance and Arbitration Procedures); Article 30 (Transfers); and the Memorandum of Understanding regarding Home Delivery (which governs employees' schedules, shifts, and vehicle safety).  Plaintiff's Complaint alleges that Defendant discriminated and retaliated against him on the basis of race and national origin when the Company subjected him to adverse actions involving his schedule and driving shifts and when it terminated his employment without just cause.  Any evaluation of Mr. Charles' claims would require interpretation of the above provisions, and therefore, these claims are preempted by Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185.

6. Further, the Court must interpret the collective bargaining agreement to resolve Plaintiff's breach of the covenant of good faith and fair dealing claim because this claim relies on the notion of an implied contract.  It is black-letter law that a Court will not imply a contract where there is an express contract covering the same subject.  *See, e.g.*, *York v. Scudder*

*Investments, Inc.*, 849 N.E.2d 892 (Mass. App. Ct. 2006).  Moreover, Massachusetts "law is clear that this common law cause of action [for wrongful termination] is available only to an at-will employee," as wrongful termination is a judicially created exception to the at-will doctrine. *Switzer v. City of Somerville*, 51 Mass. App. Ct. 1105, 2001 WL 322127, at ***4 (Mass.App.Ct. 2001); *see Cullen v. E.H. Friedrich Co.*, 910 F. Supp. 815, 821 (D. Mass. 1995).  It is undisputed that Plaintiff was not an at-will employee, and the collective bargaining agreement exclusively governed the terms of his employment.  Even if this claim were available to Plaintiff (which Defendant denies), it would be preempted by Section 301 because resolution of the claim would require an interpretation or analysis of the collective bargaining agreement.  *See DiGiantommaso v. Globe Newspaper Co., Inc.*, 632 F. Supp. 2d 5 (D. Mass. 2009).

      7.      True and accurate copies of all process, pleadings, and orders served upon the Defendant in the State Court Action are attached hereto as Exhibit 1, pursuant to 28 U.S.C. § 1446(a).

      8.      Pursuant to 28 U.S.C. § 1446(d), the Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Plymouth Superior Court.  The Defendant will also serve a copy of the notice filed with the Plymouth Superior Court on Plaintiff's counsel.

      WHEREFORE, the Defendant removes the above-captioned action to this Court from the Plymouth Superior Court.

Respectfully submitted,

THE STOP & SHOP SUPERMARKET COMPANY, LLC,

By its Attorneys,

/s/ Sarah N. Turner
Daniel B. Klein (BBO #638059)
dklein@seyfarth.com
Sarah N. Turner (BBO # 664488)
sturner@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Dated: April 29, 2010

## CERTIFICATE OF SERVICE

I, Sarah N. Turner, hereby certify that on the 29th day of April, 2010, a copy of the foregoing document was filed electronically [and served by mail on anyone unable to accept electronic filing] through the Court's ECF system.

/s/ Sarah N. Turner